IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE ABD RASHEED, | No. CIV S-09-3552-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SUPVISOR, STATE CORRECTION SYSTEM, et al. | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On April 22, 2010, the court issued an order requiring plaintiff to resolve the fee status of this case in order to proceed. The court specifically stated that Plaintiff was required to either submit a complete application to proceed in forma pauperis or pay the filing fee. The court also noted that it was apparent that Plaintiff is not eligible to proceed in forma pauperis in this action because he has filed, on three or more prior occasions, actions in this court which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. See 28 U.S.C. § 1915(g).

In response thereto, Plaintiff filed a notice that he had submitted a request to prison officials for the withdrawal of $200 from his trust account in order to pay the filing fee, but that the prison officials were not processing his payment request.

The court first notes that a payment of $200, even if received by the court, is insufficient to cover the current filing fee of $350. In addition, plaintiff makes vague and conclusory allegations that prison officials are depleting his trust account and that he is unable to gain access to his money. However, he fails to identify which prison officials are blocking his access to his trust account. He also fails to provide a copy of his trust account, certified or otherwise, showing that it is actually being depleted somehow or that he has the funds available to him to pay the full filing fee. In addition, the court notes that this case appears to relate to claims of denial of due process, and not access to his trust account funds.

Accordingly, the court will provide plaintiff one final opportunity to resolve his fee status if he wishes to go forward with this action.[1] If he continues to claim denial of access to his trust account funds, he will be required to support such a claim with documentation such as a copy of his trust account (certified or not), copies of an inmate grievance addressing his trust fund, or such similar documentation allowing the court to determine that he has the ability to pay the filing fee. Failure to either pay the filing fee, or document the ability to do so, will result in the dismissal of this action. Plaintiff is a frequent federal litigator and is well aware of the requirement to resolve his fee status prior to proceeding.[2]

---

[1] However, a brief review of plaintiff's complaint raises questions as to his ability to proceed with this action. The vague and conclusory allegations stated in the complaint indicate he is challenging the denial of due process as relating, *inter alia*, to violation of parole, disclosure of evidence, the right to be heard, and the right to confront witnesses. Such claims, at best, would appear to sound in habeas as related to a conviction or perhaps prison discipline. If plaintiff is able to resolve his fee status, and if his complaint is not dismissed outright, he will likely be required file an amended complaint in order to clarify his claims.

[2] The brief review of the claims raised in plaintiff's complaint also makes it apparent that he does not meet the imminent danger exception to allow him to proceed in forma pauperis. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), 28 U.S.C. § 1915(g).

1    Plaintiff is further warned that failure to pay the full filing fee of $350, or provide
2 the documentation set forth herein, will result in the dismissal of this action for lack of
3 prosecution and failure to comply with court rules and orders.  See Local Rule 110.
4    Accordingly, IT IS HEREBY ORDERED that:
5    1.    Plaintiff shall resolve the fee status in this case within 30 days from the
6 date of this order; and
7    2.    Within the time provided herein, Plaintiff shall either pay the full $350
8 filing fee or submit documentation supporting his claim that he is being denied access to his trust
9 account funds.

  DATED:  November 9, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3